ON RETURN TO REMAND
Danny Ray White was indicted for the offense of burglary in the third degree, in violation of § 13A-7-7, Code of Alabama 1975. The appellant was found guilty of this offense and was sentenced to twenty years' imprisonment.
The sole issue raised by the appellant on appeal is that the prosecutor violated the principles set out in Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), by the use of his peremptory strikes. This court originally remanded this case to the trial court because we were unable to determine whether this issue was preserved for review, since we could not discern from the record when the jury was sworn in this case. A hearing was held on this matter and the circuit clerk testified that the entire jury venire is sworn after the trial judge initially qualifies the venire and excuses those jurors who need to be excused. The individual jury panels are not sworn again before the trial of a particular case.
A proper objection to an alleged Batson violation must be raised after the peremptory strikes have been made but prior to the jury's being sworn. Thornton v. State, 513 So.2d 83
(Ala.Crim.App. 1987). In a situation such as the one at bar, it would appear that there would be no way to make a proper Batson
objection since the jury is sworn before the jury is struck. However, since there is no opportunity to object before the jury is sworn under these circumstances, a Batson objection will be deemed timely made if it is "made early enough to give the trial court sufficient time to take corrective action without causing delay if it deemed action necessary." Williamsv. State, 530 So.2d 881, 884 (Ala.Crim.App.), cert. denied, (Ala. 1988). In Williams, this court held that aBatson objection was not timely when it was not made until after the jury had been sworn, and placed in the box and the trial judge had given some preliminary instructions to the jury. In this case, the appellant did not object to the jury panel until after the jury *Page 526 
had been struck and placed in the box and the trial judge had made some preliminary instruction to the jury. It does not appear from the record that the appellant was prevented from making a timely objection. Thus, this issue is not preserved for our review.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.